FILED IN MY OFFICE
DISTRICT COURT CLERK
4/14/2016 4:20:10 PM
WELDON J. NEFF
Valarie Baretinicich

**EXHIBIT A**

ELEVENTH JUDICIAL DISTRICT COURT
McKINLEY COUNTY
STATE OF NEW MEXICO

DERRICK YAZZIE,

    Plaintiff,

vs.

                                      Cause No.: D-1113-CV-2016-00167
                                      Judge:

SETH FEZATTE, and
WERNER ENTERPRISES, INC.

    Defendants

## JURY REQUEST

    On this the __6th__ day of __April, A.D. 2016__, the Plaintiff request a trial by a 12 panel jury.

                                      Respectfully submitted,

                                      SCHERR & LEGATE, PLLC
                                      Attorney for Plaintiff
                                      109 N. Oregon, 12th Floor
                                      El Paso, Texas 79901
                                      (915)544-0100 voice
                                      (915)532-1759 facsimile
                                      jisaac@scherrlegate.com

                                      \s\ Joseph Isaac
                                      **JOSEPH ISAAC**
                                      State Bar No. 121541

                                      and

STATE OF NEW MEXICO                             WILLIAM KEELER
McKinley County                                   **KEELER & KEELER, LLP**

I hereby certify that this is a true and correct     Attorney for Plaintiff
copy of this instrument as filed in my office.     108 East Aztec Ave.
Witness my hand and seal this ___10th___ day     Gallup, New Mexico 87301
of ___May___, 20_16_.     (505)722-5608 voice
                                  (505)722-5614 facsimile

**WELDON J. NEFF**
District Court Clerk
_Valarie Baretinicich_
By _____ Deputy

muW:\NM CASES\Yazzie Derrick\pleading\Jury Request.wpd

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/14/2016 4:20:10 PM
WELDON J. NEFF
Valarie Baretinicic

ELEVENTH JUDICIAL DISTRICT COURT
McKINLEY COUNTY
STATE OF NEW MEXICO

DERRICK YAZZIE,

    Plaintiff,

vs.                    Cause No.:   D-1113-CV-2016-00167

SETH FEZATTE, and
WERNER ENTERPRISES, INC.

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PERSONAL INJURY DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW DERRICK YAZZIE, (hereinafter called "Plaintiff"), complaining of SETH ELIJAH FEZATTE (hereinafter referred to as "Defendant FEZATTE"), and WERNER ENTERPRISES, INC., (hereinafter referred to as "Defendant WERNER"), and each hereinafter jointly and severally referred to as "Defendants", and for a cause of action would respectfully show the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff is a resident of McKinley County, New Mexico.

2.     Defendant SETH ELIJAH FEZATTE, is a resident of Clark County, Ohio, therefore, the Secretary of State for New Mexico is the agent for service of process on such non-resident. Service of process may be had in accordance with the New Mexico Long Arm Statute by serving the Secretary of State of New Mexico, who shall then forward a copy of this petition upon Defendant therein by serving him, therein at 2247 Columbus, Springfield, Ohio, 45503 and/or where he may be found.

3. Defendant WERNER ENTERPRISES, INC., is a Nebraska Corporation doing business in New Mexico and may be served with process by serving, any authorized officer or registered agent National Registered Agents, Inc., therein at 123 East Marcy St., Santa Fe, NM 87501 and/or where ever they may be found.

4. All of the material acts and/or omissions to act complained of herein occurred in the City of Gallup, McKinley County, New Mexico.

5. On or about November 22, 2013, Plaintiff DERRICK YAZZIE, was walking near mile marker 18 on Interstate 40, when he was struck by Defendant WERNER's semi tractor-trailer being operated by Defendant FEZATTE. As a result, Plaintiff DERRICK YAZZIE suffered substantial physical bodily injuries. Upon information and belief, Defendant FEZATTE, was working in the course and scope of his employment with Defendant WERNER as a truck driver.

## NEGLIGENCE PER SE

6. Said collision and Plaintiffs' damages were proximately caused by Defendants' violations of the laws of the State of New Mexico and of the United States of America constituting negligence per se.

## VICARIOUS LIABILITY

7. Plaintiff will show that Defendant WERNER ENTERPRISES, INC. is liable for the damages and injuries which were caused by the negligence of Defendant, their drivers, employees, agents and representatives. Defendant WERNER ENTERPRISES, INC. is liable for the acts or omissions of its drivers, employees, agents and any person over whom Defendant retained control. Defendant WERNER ENTERPRISES, INC. had control over the manner,

methods and procedures that the employees, agent and representatives used in carrying out assigned duties.

## NEGLIGENCE OF SETH ELIJAH FEZATTE

8. Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant SETH ELIJAH FEZATTE. Defendant SETH ELIJAH FEZATTE was negligent in the course and scope of his employment with Defendant WERNER ENTERPRISES, INC. by breaching his duty of care to Plaintiff in one or more of the following alternative theories of negligence:

1. Striking Plaintiff with the tractor trailer.
2. Failure to yield row to pedestrian.
3. Failure to keep a proper lookout.
4. Failure to control speed.
5. Failure to safely apply brakes to avoid a collision.
6. Failure to turn to the left or right to avoid a collision.
7. Failure to honk and give adequate warning of the impending danger.
8. Failure to warn of approach.
9. Failure to drive within Statutory speed limit.
10. Failure to use due care in operating a motor vehicle.
11. Failure to pay attention.
12. Failure to take proper evasive action.
13. Failure to use due care and caution under the circumstances then existing.
14. Operating a commercial vehicle in the United States without reasonable qualifications, training, testing and experience.
15. Operating a commercial vehicle in the U.S. without qualifying under the Federal Motor Carrier Safety Act.
16. Driving a commercial vehicle when fatigued or physically or mentally unfit to do so.

9. One or more of the foregoing acts or omissions of Defendant SETH ELIJAH FEZATTE in the course and scope of his employment with WERNER ENTERPRISES, INC., constituted negligence which negligence was a proximate cause of the injuries to Plaintiff which are made the basis of this cause of action.

## NEGLIGENCE OF WERNER ENTERPRISES, INC.

10. Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant WERNER ENTERPRISES, INC. Plaintiffs would show that Defendants owed a duty to Plaintiffs, that Defendants breached that duty and that such breach was a proximate cause of the injury and the resulting damages to Plaintiffs.

11. Defendant WERNER ENTERPRISES, INC. was the owner of the truck which SETH ELIJAH FEZATTE was driving, transporting goods in the United States. Defendant WERNER ENTERPRISES, INC. was negligent by breaching its duty of care to the Plaintiff in one or more of the following ways:

1. Negligent supervision, training, and instruction.
2. Failure to warn.
3. Failure to supervise.
4. Failure to inspect.
5. Failure to supply adequate and reasonably competent drivers and workers.
6. Failure to warn of the danger.
7. Failure to properly educate, instruct and supervise Defendant's employees and their performance of their duties.
8. That on November 22, 2013, Defendant WERNER ENTERPRISES, INC. was negligent per se by entrusting the control and operation of the motor vehicle which was under his ownership and control to Defendant SETH ELIJAH FEZATTE.
9. Allowing Defendant SETH ELIJAH FEZATTE to operate the vehicle and in particular, at the location referred to above, when they knew or should have known that Defendant SETH ELIJAH FEZATTE was unfit, unlicensed, incompetent, reckless and unskilled to operate the vehicle.
10. Entrusting a vehicle to an unlicensed, incompetent or reckless driver if Defendant WERNER ENTERPRISES, INC. knew or should have known that the driver was unlicensed, incompetent or reckless.
11. Failing to supervise movement of the tractor trailer.
12. Negligently operating the tractor trailer without proper precautions.
13. Failure to establish and enforce safety rules and regulations.
14. Failing to adequately train, educate, or provide instructions and orders to persons.
15. Failing to provide proper safety manuals and instructions to employees.

16. Failure to educate and train its drivers "safe driving skills" under the FMCSA § 383.113(b).
17. Negligent supervision.
18. Negligent training.
19. Failure to supply adequate and reasonably competent drivers and workers.
20. Violating the Federal Motor Carrier Safety Acts.
21. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act.
22. Failure to qualify its drivers in accordance with the Federal Motors Carriers Safety Act.
23. Failing to maintain its vehicles in accordance with the Federal Motor Carriers Safety Act.
24. Striking Plaintiff's body with a tractor-trailer.
25. Failing to provide tractor trailer movement warnings.
26. Failure to train drivers on the FMCSA "required knowledge elements" including fatigue management.

12. One or more of the foregoing acts or omissions of Defendants constituted negligence, which was a proximate cause of the injuries to Plaintiffs which made the basis of this cause of action. Further, one or more of the foregoing act or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiffs that would not have been sustained but for the one or more of the foregoing acts or omissions.

## DAMAGES

13. As a direct result of the incident, Plaintiff suffered serious bodily injuries. As a further result of the incident and the injuries described above, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

14. As a result of the injuries, Plaintiff was prevented from working and has lost earning capacity. Plaintiff will continue to suffer a loss of wage earning capacity in the future. Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future. Plaintiff has suffered pain and suffering in the past. Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental anguish in the past. Plaintiff will continue to suffer mental anguish in the future. As a further result of the injuries, Plaintiff has suffered emotional distress in the past, Plaintiff will continue to suffer emotional distress in the future. Plaintiff has suffered and will continue to suffer impairment. Plaintiff has suffered disfigurement. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court.

## PUNITIVE DAMAGES

15. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

16. New Mexico law applies to this case.

17. Under New Mexico law, Plaintiff is entitled to punitive damages because of Defendants reckless, wanton, willful, and/or grossly negligent conduct. As noted earlier, the risk of injury defines Defendants' duties under New Mexico law. *See* UJI Civil 13-1603 ("As the risk of danger that should be reasonably foreseen increases, the amount of care required also increases"); *Cross v. City of Clovis*, 107 N.M. 251, 254, 755 P.2d 589, 592 (1988). The greater the risk, the greater the duty to avoid that risk through reasonable measures, and where the risk of injury is great, the degree of conduct sufficient to demonstrate a culpable mental state to warrant the imposition of punitive damages is less:[A]s the risk of danger increases, conduct that amounts to a breach of duty is more likely to demonstrate a culpable mental state. The circumstances define the conduct; a cavalier attitude toward the lawful management of a dangerous product may raise the wrongdoer's level of conduct to recklessness, whereas a cavalier attitude toward the lawful management of a nondangerous product may be mere negligence.

*Clay v. Ferrellgas, Inc.*, 118 N.M. 266, 269, 881 P.2d 11, 14 (1994); UJI Civil 13-1827 Committee Comment ("[T]he risk of danger by the . . . tortfeasor's conduct is a valid

consideration in determining whether the conduct rises to the level of recklessness necessary to show a culpable mental state."). Thus, as the risk of danger increases, the conduct that amounts to breach of duty is more likely to demonstrate the sufficient culpable mental state to support the imposition of punitive damages. *McNeill v. Rice Engineering and Operating, Inc.*, 2003-NMCA-078, 133 N.M. 804, 70 P.3d 794. A negligent defendant's utter indifference to the safety of others is a sufficient basis for imposing punitive damages under New Mexico law. *DeMatteo v. Simon*, 112 N.M. 112, 812 P.2d 361 (N.M. App. 1991).

18. The acts or omissions of Defendants, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, and their demonstrated indifference to worker safety on the job site, before and after the incident in question, is sufficient to impose an award of punitive damages under New Mexico law. *See Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1249 (10th Cir. 2000) (concluding that under New Mexico law, evidence going toward a defendant's mental state is relevant for purposes of punitive damages, which may include evidence of conduct occurring before and after the incident in question).

19. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their reckless, wanton, willful, and/or grossly negligent conduct, in order to set an example for others that such conduct will not be tolerated.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendants for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, punitive damages and for such other and further relief, general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

Joseph Isaac
**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Flr.
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 Fax

And

William Keeler
**KEELER & KEELER LLP**
108 East Aztec Avenue
Gallup, New Mexico 87301
(505) 722-5608
(505) 722-5614 Fax

STATE OF NEW MEXICO
McKinley County

I hereby certify that this is a true and correct copy of this instrument as filed in my office. Witness my hand and seal this _10th_ day of _May_, 20-16.

WELDON J. NEFF
District Court Clerk

By _Nataniel Sanchez_ Deputy

FILED IN MY OFFIC
DISTRICT COURT CLER
4/14/2016 5:36:16 PI
WELDON J. NEF
Diane Montan

ELEVENTH JUDICIAL DISTRICT COURT
McKINLEY COUNTY
STATE OF NEW MEXICO

DERRICK YAZZIE,

    Plaintiff,

vs.                                    Cause No.: D-1113-CV-2016-00167
                                          Judge:

SETH FEZATTE, and
WERNER ENTERPRISES, INC.

    Defendants.

## AFFIDAVIT

STATE OF TEXAS                 §
                                            §
COUNTY OF EL PASO       §

Joseph Isaac, first being duly sworn, and upon his oath states as follows:

Upon a diligent search, neither the agent so designated nor any of the officers or directors of SETH FEZATTE can be found in the state of New Mexico. Upon information and belief Defendant SETH FEZATTER does not have a registered agent in the State of New Mexico, therefore, the Secretary of State for New Mexico is the agent for service of process on such non-resident. Service of process may be had in accordance with the New Mexico Long Arm Statute by serving the Secretary of State of New Mexico, who shall then forward a copy of this petition upon Defendant therein by serving him, therein at 2247 Columbus, Springfield, Ohio, 45503 and/or where he may be found.

FURTHER AFFIANT SAYETH NAUGHT

                                                                      JOSEPH ISAAC

SUBSCRIBED, SWORN AND ACKNOWLEDGED before me, a Notary Public, on this 14th day of April, 2016, by Joseph Isaac.

                                                                       Notary Public

Margie Ugarte
Notary Public, State of Texas
My Commission Expires:
April 12, 2019

My Commission Expires: april 12, 2019

STATE OF NEW MEXICO
McKinley County

I hereby certify that this is a true and correct copy of this instrument as filed in my office. Witness my hand and seal this 10th day of May, 2016.

WELDON J NEFF
District Court Clerk

By _Nalanie Sandurich_
COURT Deputy

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/2/2016 2:53:16 PM
WELDON J. NEFF
Lydia Vidales

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT COURT


DERRICK YAZZIE
Plaintiff(s)

CAUSE NO. D-1113-CV-2016-00167

vs

SETH FEZATTE, et al.
Defendant(s)

### ACCEPTANCE OF SERVICE CERTIFICATE

Comes now BRAD WINTER, Secretary of State of New Mexico, and acknowledges receipt and service on him of two copies of a Summons and Complaint on behalf of SETH FEZATTE, in Cause No. D-1113-CV-2016-00167 filed in the Eleventh Judicial District Court, County of Mckinley, State of New Mexico, and states that he mailed same via Certified Mail, Return Receipt Requested (7012 0470 0001 5955 2732) to SETH FEZATTE on April 22, 2016 and was received by SEE ATTACHED RECEIPT on April 24, 2016, as evidenced by the return receipt, a copy of which is attached hereto. DATED AT SANTA FE, NEW MEXICO THIS 29TH DAY OF APRIL, 2016 A.D.



BRAD WINTER
Secretary of State

STATE OF NEW MEXICO
McKinley County

I hereby certify that this is a true and correct copy of this instrument as filed in my office. Witness my hand and seal this _____ day of _____ May _____ 4/20/16 .

WELDON J. NEFF
District Court Clerk

By _Nalane Baietu_____
Deputy

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Seth Fezatte
   2247 Columbus
   Springfield, Ohio 45503

9590 9403 0589 5183 9112 58

2. Article Number (Transfer from service label)

   7012 0470 0001 5955 2732

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name): Sem Fezatte
C. Date of Delivery: 4/24/16

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☒ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery (over $500)

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☒ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053       Domestic Return Receipt

## OFFICE OF THE NEW MEXICO SECRETARY OF STATE



**PAYMENT RECEIPT**

SCHERR & LEGATE, P.L.L.C.
109 N. OREGON, SUITE 1200
EL PASO, TX 79901

PAYMENT RECEIPT NUMBER: 424
PROCESSED BY: NADINE ROYBAL

### PAYEE INFORMATION

| Payee: | Payee Id: |
|---|---|
| SCHERR & LEGATE, P.L.L.C. 109 N. OREGON, SUITE 1200 EL PASO, TX 79901 | 000009175 |
| Email: | Telephone Number: |

### TRANSACTION DESCRIPTION

| Transaction Type: | Filing Date / Time: |
|---|---|
| Service of Process | 4/22/2016 8:00:00 AM |
| Workorder Number: | Number of Pages: |
| 2015048639 | 1 |

### PAYMENT INFORMATION

| Fee Amount: | Payment Amount: | Amount Due: |
|---|---|---|
| $25.00 | $25.00 | $0.00 |
| Prepaid Account Balance: | Payment Type: | |
| $0.00 | Check 81129 FOR $25.00 | |