IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DERRICK YAZZIE,

    Plaintiff,

v.                                                                       No. CIV-16-0472 RJ/LAM

SETH FEZATTE and
WERNER ENTERPRISES, Inc.,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO EXTEND SCHEDULING DEADLINES

**THIS MATTER** is before the Court on the parties' joint motion to extend the scheduling deadlines in this case [*Doc. 47*], filed on February 20, 2017. Having considered the motion and record of the case, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED in part**.

In their motion, the parties ask the Court to extend their scheduling order deadlines by ninety (90) days. *See* [*Doc. 47* at 1]. The parties state that they have had difficulty scheduling depositions for the parties in the case, noting that Defendant Fezatte lives out of the state, that the Rule 30(b)(6) deposition for Defendant Werner Enterprises is scheduled to take place in early April 2017, and that Defendants are still obtaining Plaintiff's medical records. *Id.* at 2-3.

The Court finds that the parties' request for a 90-day extension of time is excessive. First, the Court put this case on a 180-day track, which is the longest track available for a standard, non-complex, case. *See* [*Doc. 38*] (Clerk's Minutes from the November 2, 2016 Rule 16 initial scheduling conference). The Court routinely tells parties at these scheduling

conferences that, if the parties ask for and are granted a 180-day track, the Court will have very little leeway in granting extensions of time in the future. The Court also finds that the parties' stated reasons for their request are not persuasive. While the parties state that they "have exchanged numerous emails and telephone calls in a good faith effort to pin down equally amenable dates" (*id.* at 3), they do not attach copies of these emails or a record of these calls to their motion, so the Court is unable to assess the parties' diligence. Moreover, each party in this case is represented by multiple attorneys, so the parties should be able to find dates that at least one of the parties' attorneys is available for depositions. As for Defendant Fezatte, counsel fail to explain why they have not travelled to where he is located to take his deposition, which is standard procedure for a defendant. The Court suggests that the parties exchange no more than two rounds of dates for their depositions, and if they are still unable to find mutually agreeable dates, the parties can set the depositions they require and the opposing party can ask the Court for relief if they have a valid reason that they are unable to attend the deposition. Finally, since the parties state that they need these depositions in order to proceed with their expert reports, the Court suggests that the parties immediately set all necessary depositions and move the currently-scheduled Rule 30(b)(6) deposition to an earlier date.

Based on the foregoing, the Court finds that a 30-day extension of time should be sufficient for the parties set up their depositions. The Court notes that a 30-day extension provides the parties more than ninety (90) days from today to complete their discovery.

**IT IS THEREFORE ORDERED** that the parties' joint motion to extend the scheduling deadlines in this case [*Doc. 47*] is **GRANTED in part,** and the parties' deadlines are extended as follows:

1.  Plaintiff's expert disclosures:     **April 3, 2017**

2.  Defendants' expert disclosures:    **May 3, 2017**

3.  Discovery deadline:                **June 2, 2017**

4.  Discovery motions deadline:        **June 23, 2017**

5.  Pretrial motions deadline:         **July 13, 2017**

*All other deadlines in this case shall remain in effect and are not extended. These deadlines shall not be extended again without approval of the Court upon a motion setting forth exceptional cause for extension. The press of other cases, vacations and intervening holidays are not considered to be exceptional circumstances.*

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**