# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**DERRICK YAZZIE,**

    **Plaintiff,**

v.                                                                   No. 16 - cv - 00472 JAP

**SETH FEZATTE, and**
**WERNER ENTERPRISES, INC.**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Derrick Yazzie (Plaintiff) filed suit against Defendants Seth Fezatte and Werner Enterprises, Inc. (collectively, Defendants) seeking damages for personal injury he claims resulted from Defendants' alleged negligence and negligence *per se* in the operation of a semi-tractor trailer which struck Plaintiff on Interstate I-40 in New Mexico.[1] Plaintiff also states direct claims against Defendant Werner for negligent hiring, training, supervision, retention and entrustment. On September 11, 2017, Defendants moved for summary judgment on all of Plaintiff's claims, and this motion has been fully briefed.[2] After careful consideration of the pertinent law, briefing, and exhibits, the Court will grant in part and deny in part Defendants' Motion, with the result that only Plaintiff's punitive damages claim will be dismissed. All remaining claims will proceed to trial.

---

[1] *See* PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 7) (Complaint).
[2] *See* WERNER ENTERPRISES, INC. AND SETH FAZATTE'S OPPOSED MOTION FOR SUMMARY JUDGMENT (Doc. 69) (Motion); PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 80) (Response); SETH FEZATTE AND WERNER ENTERPRISES, INC.'S REPLY IN SUPPORT OF SUMMARY JUDGMENT (Doc. 83) (Reply).

I. **BACKGROUND**[3]

On November 22, 2013, Plaintiff Derrick Yazzie was walking westbound near mile-marker 18 on Interstate 40 near Gallup, New Mexico when he was struck by a commercial vehicle owned by Defendant Werner Enterprises, Inc. and operated by Defendant Seth Fezatte. Complaint ¶ 5; Def. Mot. Statement of Undisputed Material Facts (UMF) ¶¶ 1-2; Pl. Resp. ¶¶ 3-4. Prior to the collision, Defendant Fezatte had assumed driving responsibilities from his brother Jaron Fezatte around 7:00 p.m. Central Standard Time (CST)[4] on November 21, 2013 outside of Amarillo, Texas and headed west on Interstate 40. Mot. UMF ¶¶ 5-6, Resp. ¶ 6. Defendant Fezatte stopped for a thirty-minute mandatory Department of Transportation break seventeen miles east of Gallup, New Mexico at 2:15 a.m. CST/1:15 a.m. Mountain Standard Time (MST) on November 22, 2013, and resumed driving at approximately 2:50 a.m. CST/1:50 a.m. MST. Mot. UMF ¶¶ 7, 9, Resp. ¶ 6. Defendant Fezatte testified that as he approached Gallup, New Mexico it was sleeting and weather conditions were "sub-optimal." Mot. UMF ¶ 10[5]; Fezatte Dep. at 90:18 (Doc. 69-3). Defendant Fezatte further testified that as he was driving westbound on Interstate 40 he felt an impact but, believing he struck a deer, continued to drive. Mot. UMF

---

[3] The facts here are undisputed unless otherwise noted. Plaintiff addressed a number of Defendants' asserted facts with general objections and allegations of his pleading rather than specifying admissible evidence to show that the fact is genuinely disputed. *See Anderson v Liberty, Lobby, Inc.*, 477 U.S. 242, 259 (1986) ("a plaintiff may not, in defending against a motion for summary judgment, rest on mere allegations or denials of his pleadings"). The Federal Rules of Civil Procedure provide, "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may…consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e). The local rules for the District of New Mexico similarly state that, "All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted." D.N.M.LR-Civ. 56.1(b).

[4] The time zone changes from Central Standard Time to Mountain Standard Time between Amarillo, Texas and Gallup, New Mexico.

[5] Plaintiff disputes this fact without offering specific evidence to controvert it, yet in his objection notes there were "adverse weather conditions." In the Statement of Material Facts (SMF) that Plaintiff proffered in his Response, Plaintiff cites to the same portion of Fezatte's testimony referring to the weather conditions. Resp. SMF ¶ 30. Accordingly, the Court deems this fact admitted. *See* D.N.M.LR-Civ. 56.1(b).

2

¶¶ 3, 21, Fezatte Dep. at 95:24-96:6 (Doc. 69-3).[6] Defendant Fezatte testified that he pulled over, assessed the damage to the tractor-trailer, and returned to what he believed was the location of the impact to determine whether there was anything in the road. Mot. UMF ¶¶ 21, 23, 25-26; Fezatte Dep. at 96-97, 101-02 (Doc. 69-3); Resp. SMF ¶¶ 34-38, Fezatte Dep. at 98-101 (Doc. 80-4). Finding nothing, he continued westbound on Interstate 40.

Around this time, Ruben Cosgrove was also traveling westbound on Interstate 40 operating another commercial vehicle ahead of Defendant Fezatte in the right lane. Mot. UMF ¶¶ 16-17, Resp. ¶ 8. Mr. Cosgrove saw a male, later identified as Plaintiff, walking backwards on the roadway as though he were hitchhiking. Mot. UMF ¶¶ 18-19, Resp. ¶ 8. Mr. Cosgrove contacted authorities reporting a pedestrian on the interstate wearing a black jacket, white t-shirt and jeans. Mot. UMF ¶¶ 27-28, Chischilly Dep. at 21, 26, 31, 38 (Doc. 69-4), Gallup Police Report (Doc 69-1); Resp. ¶ 10. In response to this call, Officer Chavo Waylon Chischilly with the Gallup Police Department was dispatched around 2:36 a.m. MST and, after seeing Plaintiff's shoe in the middle of the roadway, located Plaintiff lying face down in a muddy roadside area. Mot. UMF ¶¶ 27, 29, Chischilly Dep. at 21, 33-34 (Doc. 69-4); Resp. ¶ 10.

Officer J. Koon of the Holbrook Police Department was dispatched in response to an Attempt to Locate (ATL) a blue Werner commercial vehicle with a nonoperational front headlight as described to officers by Mr. Cosgrove. Mot. UMF ¶ 32, Holbrook Police Report at 3 (Doc. 69-6). Officer Koon stopped Defendant Fezatte. Mot. UMF ¶ 33, Holbrook Police Report at 3 (Doc. 69-6). Defendant Fezatte was then interviewed in Holbrook, Arizona by Detective Victor Rodriguez from the Gallup Police Department. Mot. UMF ¶ 39, Rodriguez Dep. at 16-17

---

[6] Plaintiff does not dispute that Defendant Fezatte continued to drive after he felt an impact, but does dispute that Fezatte believed he had struck an animal. Resp. ¶ 5.

Doc 69-7).[7] Plaintiff does not recall any of the events leading up to or immediately following the collision.[8]

On April 14, 2016, Plaintiff filed a Complaint for Personal Injury Damages in the Eleventh Judicial District Court for the State of New Mexico against Seth Fezatte and Werner Enterprises, Inc. (Doc. 1-1). On May 24, 2016, Defendants removed this action to the United States District Court for the District of New Mexico invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). On June 21, 2016, Plaintiff filed his First Amended Complaint. (Doc. 7). Plaintiff's First Amended Complaint broadly asserts two claims for negligence, one claim against Defendant Fezatte (Count I) and the other against Defendant Werner Enterprises, Inc. (Count II). Based on the alleged acts or omissions that Plaintiff enumerated under each negligence claim, the Court interprets the First Amended Complaint to assert the following claims: 1) negligence against Defendant Fezatte directly and against Defendant Werner under a theory of respondeat superior; 2) negligence *per se* against both Defendants; and 3) negligent training, hiring, supervision, retention and entrustment directly against Defendant Werner Enterprises. Defendants ask the Court to enter summary judgment in their favor on all claims.

## II.    LEGAL STANDARDS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, the Court "view[s] the facts and evidence submitted by the

---

[7] Plaintiff disputes these facts responding with allegations from his pleadings rather than specific evidence to controvert them, while also citing to portions of the same evidence used by Defendants to support their proposed facts. *See* Holbrook Police Department, Pl. Ex. 3-A (Doc. 80-5). As a result, the Court will deem these facts as undisputed.

[8] Plaintiff disputes Defendants' UMF ¶¶ 62-79 and 81 regarding the Plaintiff's memory of the events leading up to the collision with a general objection, stating in part that whether the Plaintiff can recall these events has little bearing on Defendant Fezatte's alleged negligence..

4

parties in the light most favorable to the nonmoving party." *Christy v. Travelers Indem. Co. of America*, 810 F.3d 1220, 1225 (10th Cir. 2016). A "material" fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "[A] defendant may be granted summary judgment whenever plaintiffs fail adequately to support one of the elements of their claim upon which they ha[ve] the burden of proof." *Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1125-26 (10th Cir. 2009) (internal quotation marks and citation omitted) (second alteration original).

In diversity cases, "the substantive law of the forum state governs the analysis of the underlying claims." *Kovnat v. Xanterra Parks & Resorts*, 770 F.3d 949, 954 (10th Cir. 2014) (citation omitted). Accordingly, the Court will apply the substantive law of New Mexico.

### III. DISCUSSION

#### A. Plaintiff's Negligence Claims Against Defendants Fezatte and Werner Enterprises, Inc.

To establish negligence under New Mexico state law Plaintiff must demonstrate that: (1) Defendants owed a duty to Plaintiff; (2) Defendants breached that duty; (3) Plaintiff suffered injury; and (4) breach of a duty was the cause of the injury. *See Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 22, 335 P.3d 1243, 1249. Whether a duty exists is a question of law for the courts to decide. *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 73 P.3d 181, 185-86. But the "question of breach…is a factual one that is typically left to a jury, except in rare cases where the evidence is susceptible to only one possible inference." *Carl v. City of Overland Park, Kan.*, 65 F.3d 866, 869 (10th Cir. 1995). Proximate cause is also generally a question of fact for the jury. *Lujan v. New Mexico Dept. of Transp.*, 2015-NMCA-005, ¶ 35, 341 P.3d 1, 10.

The undisputed facts establish that Defendant Fezatte was driving a commercial vehicle owned by Werner Enterprises, Inc. in the early morning hours of November 22, 2013 that struck Plaintiff who was walking on Interstate 40 near Gallup, New Mexico. Defendant Fezatte testified that he never saw Plaintiff, and believed he had hit an animal. The undisputed facts further establish that Ruben Cosgrove was driving a commercial vehicle in the right lane some distance ahead of Defendant Fezatte and saw Plaintiff dressed in a black shirt and jeans walking backwards on the roadway.

These facts do not definitively establish the cause of the accident, and are susceptible to the two different inferences proffered by the parties. Based on the undisputed facts alone, a reasonable juror could infer, as Plaintiff argues, that because Mr. Cosgrove saw Plaintiff in the roadway, Defendant Fezatte also should have been able to see and avoid Plaintiff but did not because he was fatigued, failed to keep a proper lookout, and was driving inappropriately for the weather conditions. Resp. ¶¶ 22-23. From this same set of facts, a reasonable jury could conclude to the contrary, as Defendants claim, that Mr. Fezatte was alert, well-rested, driving safely for the current road conditions, and that no act or omission on his part caused the collision. Rather, Defendants argue that Plaintiff was the proximate cause of the accident because he was walking in the dark on a stretch of Interstate 40 prohibited to pedestrians while wearing dark clothes, and was not visible to Defendant Fezatte.[9] Mot. ¶¶ 97-107, 123. Accordingly, the question of whether Defendant Fezatte breached his duty of care must be left for the jury. Moreover, because there is a factual dispute between the parties as to whose allegedly negligent conduct caused the

---

[9] Defendants also allege that Plaintiff was intoxicated at the time of the collision and that his impaired judgment caused or contributed to cause the accident. Mot. ¶¶ 125-127. Plaintiff filed PLAINTIFF'S MOTION TO STRIKE & OBJECTION TO DEFENDANTS' SUMMARY JUDGMENT EVIDENCE-EXHIBIT 14 [DOC. 69-14] (Doc. 78) related to the blood alcohol test performed on Plaintiff by Gallup Indian Medical Center, and requests that any facts or arguments set forth by Defendants contending that Plaintiff was impaired should be struck. Because even the undisputed facts are susceptible to more than one reasonable inference, this matter need not be addressed at this time.

accident – Defendant Fezatte's or Plaintiff's - the proximate cause of Plaintiff's injuries is a question of fact for the jury.[10]

Because genuine issues of material fact remain for trial as to whether Defendant Fezatte breached his duty of care and/or proximately caused Plaintiff's injuries, the Court will deny summary judgment to Defendants on Plaintiff's negligence claim against Defendant Fezatte and his claim of respondeat superior against Defendant Werner Enterprises, Inc. *See Harrison v. Lucero*, 1974-NMCA-085, ¶ 12, 525 P.2d 941, 944 ("the exoneration of the servant removes the foundation upon which to impute negligence to the master").

### B. **Plaintiff's Negligence *Per Se* Claims Against Defendants Fezatte and Werner Enterprises, Inc.**

In New Mexico, negligence per se consists of four elements:

> (1) There must be a statute [or regulation] which prescribes certain actions or defines a standard of conduct, either explicitly or implicitly, (2) the defendant must violate the statute [or regulation], (3) the plaintiff must be in the class of persons sought to be protected by the statute, and (4) the harm or injury to the plaintiff must generally be of the type the Legislature through the state sought to prevent.

*Cobb v. Gammon*, 2017-NMCA-022, ¶ 43, 389 P.3d 1058, 1073.

In support of his negligence *per se* claim, Plaintiff relies on alleged violations by both Defendants of several provisions of the Federal Motor Carrier Safety Act and implementing

---

[10] New Mexico courts adopted a system of comparative fault which the state legislature codified in NMSA 1978, §§ 41-3A-1 to -2 (1987). *Safeway, Inc. v. Rooter 2000 Plumbing & Drain SSS,* 2016-NMSC-009, ¶ 18, 368 P.3d 389, 396. In a pure comparative fault system, "any defendant who establishes the fault of another is a proximate cause of a plaintiff's injury shall be liable for only that portion of the total dollar amount awarded as damages to the plaintiff that is equal to the ration of such defendant's fault to the total fault attributed to all persons, including plaintiffs, defendants, and persons not a party to the action." NMSA 1978, § 41-3A-1(B).

regulations, 49 C.F.R. §§ 350, et seq.[11] Complaint ¶¶ 10, 13. Defendants do not specifically address the four elements of a negligence *per se* claim and do not argue that elements 1, 3 or 4 are not satisfied. Liberally construed, Defendants' argument appears to be directed at the second element of the negligence *per se* claim and whether Defendant Fezatte violated the pertinent statute or regulations. Mot. ¶¶ 147-150. Defendants' only argument is that summary judgment is proper on Plaintiff's negligence *per se* claims because Plaintiff cannot present any evidence that Defendant Fezatte's conduct was the proximate cause of the accident. *Id.* Though Plaintiff submits facts and general statements that could be interpreted as addressing negligence *per se*, Plaintiff does not respond directly to Defendants' argument or address the four elements of a negligence *per se* claim for each of the regulations he contends Defendants violated.[12] Nevertheless, because the Court has already determined that proximate cause is a question for the jury and Defendants offer no further argument, the Court will deny Defendants' summary judgment on Plaintiff's negligence *per se* claims that are premised on alleged violations of the Federal Motor Carrier Safety Act and implementing regulations.

### C. **Plaintiff's Claims for Negligent Hiring, Training, Supervision, Retention and Entrustment against Werner Enterprises, Inc.**

"Negligence in hiring or retention is based on the employer's negligent acts or omissions in hiring or retaining an employee when the employer knows or should know, through the exercise of reasonable care, that the employee is incompetent or unfit." *Lessard v. Coronodo Paint & Decorating Ctr., Inc.*, 2007-NMCA-122, ¶ 28, 168 P.3d 155, 165. Similarly, a claim that

---

[11] Plaintiff specifically cites to 49 C.F.R. §§ 391.11, 391.13, 391.15, 391.21, 391.23, 391.25, 391.27, 391.31, 391.33, 391.41, 391.41, 391.45, 391.51, 391.53, 391.63 which he collectively refers to as "Operating a commercial motor vehicle in the U.S. without qualifying under the Federal Motor Carrier Safety Act." Complaint ¶ 10. As against Defendant Werner Plaintiff claims several violations of Federal Motor Carrier Safety Act Regulations including 49 C.F.R. §§ 395.3 (maximum driving time); 391.11, et seq (operating a commercial motor vehicle in the United States without reasonable qualifications, training, testing and experience); 383.113(b) (basic vehicle control skills, safe driving skills, air brake skills, pre-trip inspection skills); 383.111 (for failing to educate and train Fezatte and other drivers on the "required knowledge elements").

[12] In fact, the term "negligence *per se*" does not appear at all in Plaintiff's Response brief.

8

Werner was negligent in training or supervising Defendant Fezatte requires Plaintiff to show that Werner knew or should have known that Defendant Fezatte was unfit as a driver and that Werner nonetheless failed to exercise reasonable care in training or supervising him, thereby causing injury to Plaintiff. *See Lessard*, 168 P.3d at 165 ("A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in … training…supervising, or otherwise controlling the agent." (citing Restatement (Third) of Agency § 7.05(1) (2006)). Negligent entrustment likewise requires Plaintiff to demonstrate that Defendant Werner entrusted its vehicle to Defendant Fezatte, that Werner either knew or should have known that Defendant Fezatte was an incompetent driver, and that Defendant Fezatte's incompetence caused Plaintiff's injury. *DeMatteo v. Simon*, 1991-NMCA-027, ¶ 6, 812 P.2d 361, 363.

Once again, Defendants center their entire argument in favor of summary judgment on Plaintiff's direct claims against Defendant Werner Enterprises on their allegation that Plaintiff cannot establish evidence that Defendant Fezatte's conduct proximately caused the collision. Mot. ¶¶ 139-146. The Court notes that in response, Plaintiff fails to directly address Defendant's argument or demonstrate that he can satisfy the elements of these direct claims, nor does he provide evidence of alleged deficiencies on Defendant Werner's part in hiring, training, supervising and retaining Defendant Fezatte with the exception of some unsupported conclusory statements from Plaintiff's proposed expert Wayne Miller, whose disputed opinions are the subject of another motion.[13] Resp. ¶ 54. Yet, because the Court has already determined that Defendants' alleged negligence is a question of fact to be determined by the jury, absent another

---

[13] *See* SETH FEZATTE AND WERNER ENTERPRISES, INC.'S OPPOSED MOTION TO EXCLUDE SHAWN WAYNE MILLER'S PURPORTED "EXPERT" OPINIONS. (Doc. 68).

argument from Defendant, the Court will deny summary judgment to Defendants on Plaintiff's claims of negligent hiring, training, supervision, retention and entrustment.

D. **Plaintiff's Claim for Punitive Damages**

Defendants argue that Plaintiff is not entitled to punitive damages because Plaintiff lacks any evidence to establish that Defendant Fezatte had a culpable mental state. Reply ¶ 26. In response, Plaintiff merely states that "evidence shows that Defendants' *negligent* operation of the commercial motor vehicle in striking Plaintiff and causing him to suffer" injury are issues of fact for the jury to decide. (Doc. 80 at ¶ 65) (emphasis added).

Under New Mexico law, negligent conduct alone is insufficient to support a finding of punitive damages. Rather, "[t]o be liable for punitive damages, a wrongdoer must have some culpable mental state, and the wrongdoer's conduct must rise to a willful, wanton, malicious reckless, oppressive, or fraudulent level[.]" *Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ 12, 118 N.M. 266, 269 (internal citations omitted); *see also* NMRA, Civ. UJI 13-1827 (instructing that punitive damages may be awarded against the tortfeasor if that person's conduct "was malicious, willful, reckless, wanton, fraudulent or in bad faith"). The New Mexico Uniform Jury Instruction (UJI) 13-1827 further defines these terms:

> Malicious conduct is the intentional doing of a wrongful act with the knowledge that the act was wrongful. Willful conduct is the intentional doing of an act with the knowledge that harm may result. Reckless conduct is the intentional doing of an act with utter indifference to the consequences. When there is a high risk of danger, conduct that breaches the duty of care is more likely to demonstrate recklessness. Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's safety.

Plaintiff has not offered sufficient evidentiary support for his punitive damages claims, despite the opportunity to create a genuine dispute as to material facts. Depositions have been taken from the Plaintiff, Defendant Fezatte, Wayne Miller, Plaintiff's retained expert in trucking

safety, and officers who responded to the incident that is the subject of this suit including Officer Chischilly and Detective Rodriguez. Plaintiff has not cited to any deposition testimony or other evidence to raise an issue regarding whether Defendant Fezatte's conduct was "malicious, willful, reckless, wanton, fraudulent or in bad faith." NMRA, Civ. UJI 13-1827. Plaintiff has not met his burden on summary judgment to demonstrate that there is a genuine issue of fact for trial regarding Defendant Fezatte's culpable mental state that would support a punitive damages claim. The Court will grant summary judgment in favor of Defendants on Plaintiff's punitive damages claim.

IT IS THEREFORE ORDRED that WERNER ENTERPRISES, INC. AND SETH FEZATTES'S OPPOSED MOTION FOR SUMMARY JUDGMENT (Doc. 69) is GRANTED as to Plaintiff's claims for punitive damages, and DENIED as to Plaintiff's claims for negligence *per se* and negligence against both Defendants, and as to negligent hiring, training, supervision, retention and entrustment directly against Defendant Werner Enterprises, Inc.

_____
SENIOR UNITED STATES DISTRICT JUDGE