**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

**DERRICK YAZZIE,**

    **Plaintiff,**

**vs.**                                                                **No. 16 CV 472 JAP/KRS**

**SETH FEZATTE and
WERNER ENTERPRISES, INC.,**

    **Defendants.**

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO RECONSIDER**

On February 14, 2018, the Court entered a MEMORANDUM OPINION AND ORDER (Doc. No. 102) (the Opinion) granting in part and denying in part WERNER ENTERPRISES INC. AND SETH FEZATTE'S OPPOSED MTOION FOR SUMMARY JUDGMENT (Doc. No. 69) (the Motion for Summary Judgment). On February 28, 2018, Plaintiff Derrick Yazzie filed PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S PUNITIVE DAMAGES CLAIM (Doc. No. 108) (Motion to Reconsider) asking the Court to reverse its summary judgment dismissing Plaintiff's punitive damages claim. The Motion to Reconsider is

fully briefed.[1] Plaintiff first contends that the Court ran afoul of Rule 56(f)(2) because the Court did not allow Plaintiff notice and an opportunity to respond to an argument raised in Defendants' Reply brief. In addition, Plaintiff contends that he presented sufficient evidence of Defendant Fezatte's culpable conduct and mental state to support an award of punitive damages under New Mexico law. The Court will allow the parties to provide supplemental briefing on the issue of punitive damages; and therefore, the Court will grant the Motion to Reconsider in part.

I.  STANDARD OF REVIEW

The Motion to Reconsider asks the Court to alter or amend the Opinion under Rule 54(b). *Guttman v. New Mexico*, 325 F. App'x 687, 690 (10th Cir. 2009) ("Rule 59(e) does not apply because the court's order was not a final judgment . . ."). Rule 54(b) provides, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). However, the standard for reviewing a Rule 54(b) motion for reconsideration is the same as the standard for reviewing a Rule 59(e) motion to alter or amend a judgment. *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013) (unpublished). Hence, the Court can grant the Motion if Plaintiff shows: (1) there has been an intervening change in the controlling law; (2) there is new evidence previously unavailable; or (3) the Court needs to correct clear error or

---

[1] *See* SETH FEZATTE AND WERNER ENTERPRISES, INC'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO RECONSIDER THE COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S PUNITIVE DAMAGES CLAIM (Doc. No. 115) (Response); PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S PUNITIVE DAMAGES CLAIM (DOC. 102) (Reply) (Doc. No. 118). On April 27, 2018, Defendant Fezatte filed a Chapter 7 Bankruptcy petition in the United States Bankruptcy Court for the Southern District of Ohio. *In re Fezatte*, Case No. 18-30787. This case was stayed on that date. On June 15, 2018, the Bankruptcy Court entered the ORDER GRANTING DERRICK YAZZIE'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 USC § 362 (Doc. No. 20). Since the bankruptcy stay is now lifted, the Court has jurisdiction to rule on the Motion to Reconsider.

prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In other words, the Court may grant the Motion if it has "misapprehended the facts, a party's position, or the controlling law." *Id.* As with a Rule 59(e) motion, Plaintiff may not ask the court to revisit issues already considered. *Id.* And Plaintiff may not "rehash previously rejected arguments." *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D. Kan. 1997). In addition, Plaintiff may not present arguments that he could have raised in the initial briefing. *Van Skiver v. United States*, 953 F.2d 1241, 1243 (10th Cir. 1991).

II. DISCUSSION

Under Rule 56, a court may grant summary judgment "on grounds not raised by a party" after giving notice and a reasonable time to respond. Fed. R. Civ. P. 56(f)(2). Plaintiff contends that the Court improperly granted summary judgment on Plaintiff's punitive damages claim based on an argument raised in Defendants' Reply brief without granting Plaintiff "notice and a reasonable time to respond" to that argument as required under Fed. R. Civ. P. 56(f)(2). To determine whether Plaintiff's argument is meritorious, the Court will re-examine the parties' arguments in the summary judgment briefing.

In Defendants' brief in support of its Motion for Summary Judgment (MSJ), Defendants argued that "for a defendant to be held liable for punitive damages, 'a wrongdoer must have some culpable mental state, and the wrongdoer's conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level." (MSJ at 21 citing *Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ 12, 118 N.M. 266, 269, 881 P.2d 11, 14.) Defendants then argued "[a]s set forth above in Part III.A-C, Plaintiff cannot adduce any evidence any alleged act or omission of Mr. Fezatte caused the accident and cannot sustain any of his claims for compensatory damages." (*Id,.* at 22.) In addition, Defendants argued that Defendant Fezatte's "post-accident

3

conduct cannot support a punitive damages claim because any such conduct did not cause the accident." (*Id.*) Finally, Defendant concluded, "summary judgment as to punitive damages claim is proper." (*Id.*) Defendants' argument can be summarized as follows: for the same reasons that Plaintiff is not entitled to compensatory damages, Plaintiff is also not entitled to punitive damages.

In the Response to the Motion for Summary Judgment,[2] Plaintiff addressed only one argument made by Defendants: that Plaintiff did not adduce "any evidence [of] any alleged act or omission of Mr. Fezatte [that] caused the accident and [Plaintiff] cannot sustain any of his claims for compensatory damages." Plaintiff argued that "the summary judgment evidence shows Defendants' negligent operation of the commercial motor vehicle in striking Plaintiff and causing him to suffer severe injuries are issues of fact for the jury to decide in this case." (MSJ Response at 23.) Plaintiff then referred the Court back to pp. 19-22 of the MSJ Response brief. Plaintiff did not address whether he presented sufficient evidence that Defendant Fezatte had a culpable mental state and that Defendant Fezatte had engaged in conduct that was willful, wanton, malicious, reckless, oppressive, or fraudulent. (*Id.* at 23.)

In their Reply brief,[3] Defendants reiterated the legal standard for punitive damages and argued that none of the evidence offered by Plaintiff established that "Mr. Fezatte had a culpable mental state or his conduct rose to a willful, wanton, malicious, reckless, oppressive, or fraudulent level nor has he done so for Werner." (MSJ Reply brief (Doc. No. 83) at 12.)

From a review of the summary judgment briefs, the Court finds that Rule 56(f)(2) does not apply to the issue at hand. The rule states that a court may grant summary judgment on

---

[2] *See* PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 69) (Doc. No. 80) (MSJ Response brief).
[3] *See* SETH FEZATTE AND WERNER ENTERPRISES, INC.'S REPLY IN SUPPORT OF SUMMARY JUDGMENT (Doc. No. 83) (MSJ Reply brief).

grounds not raised by a party after giving notice and a reasonable time to respond. In their MSJ, Defendants obliquely raised the issue of punitive damages by reciting the legal standard and arguing that Plaintiff failed to show causation. Plaintiff responded to the Defendants' causation argument, but did not address whether Plaintiff's burden to show entitlement to punitive damages had been met. In the MSJ Reply brief, Defendants expanded their argument and asked the Court to dismiss the punitive damages claim for lack of evidence of culpable mental state and culpable conduct: an argument not directly made in the MSJ. At that time, it would have been appropriate for Plaintiff to ask the Court for leave to file a surreply to the arguments raised in the MSJ Reply brief.[4]

In its Opinion, the Court stated that Defendants had argued in their Reply brief that Plaintiff is not entitled to punitive damages because Plaintiff lacks evidence to establish Defendant Fezzate had a "culpable mental state." (Opinion at 10.) The Court then stated that the Plaintiff had argued that the "'evidence shows that Defendants' *negligent* operation of the commercial vehicle in striking Plaintiff and causing him to suffer' injury are issues of fact for the jury." (*Id.*) After stating the legal standard for punitive damages, the Court determined that "Plaintiff has not offered sufficient evidentiary support for his punitive damages claims, despite the opportunity to create a genuine dispute as to material facts…. Plaintiff has not cited to any deposition testimony or other evidence to raise an issue regarding whether Defendant Fezatte's conduct was 'malicious, willful, reckless, wanton, fraudulent or in bad faith.'" (*Id.* at 11 citing NMRA Civ. UJI 13-1827.) The Court granted summary judgment on the punitive damages claim

---

[4] Surreplies—briefs that a party opposing a motion files after the movant files his or her reply—are not ordinarily part of the briefing process. District of New Mexico Local Rule 7.4(b) provides: "The filing of a surreply requires leave of the Court." D.N.M. LR–Civ. 7.4(b). "A surreply is appropriate and should be allowed where new arguments are raised in a reply brief." *Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1180 (D.N.M. 2015) (citation omitted). A surreply gives the nonmovant a chance to respond to the new information. *Id.* at 1183.

because Plaintiff had not demonstrated that a genuine issue of fact existed on either of the elements, conduct and mental state, that are required to support a claim for punitive damages.

Although Defendants raised the issue of punitive damages in their MSJ by reciting the legal standard, Defendants did not flesh out the precise reason they sought summary judgment on that claim. Instead, Defendants referred the Court back to their arguments on negligence and causation. In the MSJ Reply, however, Defendants actually stated directly that there was no evidence supporting the two prongs required for punitive damages. And in its Opinion, the Court agreed with Defendants' precise argument stated in the MSJ Reply brief. If requested, the Court would have given Plaintiff a chance to file a surreply and address the argument raised in the MSJ Reply brief. Although Plaintiff failed to ask for leave to file a surreply, but instead filed the Motion to Reconsider, the Court will allow Plaintiff a chance to brief the issue. However, in fairness, the Court will also allow Defendants to respond to Plaintiff's punitive damages brief.

Therefore, the Court will grant the Motion to Reconsider in part and will allow the Plaintiff and Defendants to file supplemental briefs on the following issue: whether Plaintiff presented evidence in the summary judgment record showing that there is a genuine issue as to both of the material facts required to support a punitive damages claim: conduct and mental state. In his brief, Plaintiff must point to evidence of record showing that Defendant Fezatte had a "culpable mental state" and that Defendant Fezatte engaged in conduct that was "malicious, willful, reckless, wanton, fraudulent or in bad faith." *Clay*, 1994-NMSC-080, ¶ 12. Plaintiff's brief on punitive damages is due by July 2, 2018. Defendants' response brief on punitive damages is due by July 16, 2018.

IT IS ORDERED that the PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO

PLAINTIFF'S PUNITIVE DAMAGES CLAIM (Doc. No. 108) is granted to allow additional briefing on the punitive damages claim.

_____
SENIOR UNITED STATES DISTRICT JUDGE