# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**DERRICK YAZZIE,**
    Plaintiff,

vs.                                                                                 No. 16-CV-00472 JAP/KS

**SETH FEZATTE &**
**WERNER ENTERPRISES, INC.,**
    Defendants.

## MEMORANDUM ORDER AND OPINION

On December 17, 2018, Defendants Seth Fezatte and Werner Enterprises, Inc. (jointly, Defendants), filed a motion to stay these civil proceedings pending resolution of Defendant Mr. Fezatte's criminal case.[1] On December 31, 2018, Plaintiff Derrick Yazzie responded to the Motion, stating that he opposes any motion to stay pre trial matters, but does not object to staying the trial.[2] On January 14, 2019, Defendants replied.[3] The Motion is fully briefed. After reviewing the briefs and the pleadings, the Court will deny the Motion in part and grant it in part.

### I.     BACKGROUND AND PROCEDURAL HISTORY

On or about November 22, 2013, in the late evening, Plaintiff walked on the interstate highway. Weather conditions were poor; it was sleeting. Mr. Fezatte was driving a semi-tractor-

---

[1] *See* SETH FEZATTE AND WERNER ENTERPRISES, INC.'S OPPOSED MOTION TO STAY ALL CIVIL PROCEEDINGS PENDING ADJUDICATION OF FELONY CRIMINAL CHARGES AGAINST SETH FEZATTE (Doc. 139) (Motion).
[2] *See* PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL CIVIL PROCEEDINGS PENDING ADJUDICATION OF FELONY CRIMINAL CHARGES AGAINST SETH FEZATTE (DOC. 139) (Doc. 140) (Response).
[3] *See* SETH FEZATTE AND WERNER ENTERPRISES, INC.'S REPLY IN SUPPORT OF THEIR OPPOSED MOTION TO STAY ALL CIVIL PROCEEDINGS PENDING ADJUDICATION OF FELONY CRIMINAL CHARGES AGAINST SETH FEZATTE (Doc 142) (Reply).

1

trailer owned by Werner Enterprises, Inc. (Werner). Mr. Fezatte struck the Plaintiff with the semi-tractor-trailer and severely injured him.

After hitting Plaintiff, Mr. Fezatte did not stop but continued driving. He called Werner and told them he thought he had hit a deer. Later, when highway patrol stopped Mr. Fezatte to ask about the incident, Mr. Fezatte repeated that he had damaged the semi-tractor-trailer when he struck a deer. The authorities investigated and determined that Mr. Fezatte had struck Plaintiff, but that it had been an accident. At that time, the authorities did not bring any charges against Mr. Fezatte.

On April 14, 2016, Plaintiff filed a civil suit in New Mexico state court against Defendants, alleging the following claims: 1) negligence against Mr. Fezatte directly and against Werner under a theory of respondeat superior; 2) negligence per se against both Defendants; and 3) negligent training, hiring, supervision, retention, and entrustment directly against Werner. Plaintiff also asked for punitive damages against both Defendants. On May 24, 2016, under 28 U.S.C. § 1332, Defendants timely removed the case to federal court based on diversity jurisdiction.[4]

For the past several months, Plaintiff's punitive damage claim against Mr. Fezatte has been extensively litigated by both parties. After the Court ruled against Plaintiff on part of his punitive damage claim, Plaintiff filed a motion asking the Court to reconsider.[5] Before the Court could

---

[4] See SUBJECT TO ANY AND ALL FEDERAL RULE OF CIVIL PROCEDURE 12(B) DEFENSES, SETH FEZATTE AND WERNER ENTERPRISES, INC.'S NOTICE OF REMOVAL (Doc. 1). On June 21, 2016, the Complaint was amended. *See* AMENDED COMPLAINT (Doc. 7).

[5] *See* PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S PUNITIVE DAMAGES CLAIM (DOC 102) (Doc. 108). Defendants opposed the motion in SETH FEZATTE AND WERNER ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO RECONSIDER THE COURT'S ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S PUNITIVE DAMAGES CLAIM (Doc. 115) and Plaintiff replied in PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S PUNITIVE DAMAGES CLAIM (DOC. 102) (Doc. 118).

rule on the motion, on March 20, 2018, Mr. Fezatte filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio.[6] On April 4, 2018, the Court stayed the civil proceeding, and on June 15, 2018, the bankruptcy court granted Plaintiff relief from the automatic stay.[7]

On June 20, 2018, the Court granted in part and denied in part the Plaintiff's motion to reconsider and directed both parties to prepare additional briefing on Plaintiff's punitive damage claims.[8] On July 2, 2018, Plaintiff filed a supplemental brief on the punitive damage claims.[9] Attached to the brief, was an affidavit from a witness, Kimberly Ramay, who stated the following:

> I currently work with Seth Fezatte and have for the last two and a half months. While at work, Mr. Fezatte told me about an incident that occurred in New Mexico when he was working as a truck driver. Mr. Fezatte told me that he was involved in an incident where he hit a person on a highway in New Mexico while he was driving his truck. He told me that he killed a person (he used the word "murdered") but that it didn't matter because it was one less Native American. Mr. Fezatte told me that he saw the person before he hit him and that he knew he had hit a person. Mr. Fezatte told me that he called his mother right after it happened and she told him not to admit anything, but instead told him to say he had hit a deer. Mr. Fezatte told me he lied to the authorities by telling them that he went back to check on what he hit and didn't see anything. Mr. Fezatte told me that he never went back to check on the person he hit, he just kept driving. Mr. Fezatte told me that he was very tired at the time of the incident and that he was just trying to make time.[10]

---

[6] *See* NOTICE OF SUGGESTION OF BANKRUPTCY (Doc. 116).
[7] See ORDER GRANTING DERRICK YAZZIE AND WERNER ENTERPRISES, INC'S JOINT MOTION TO STAY CASE PENDING RELIEF FROM BANKRUTPCY COURT (Doc.122); THE PARTIES' JOINT NOTICE OF ORDER GRANTING DERRICK YAZZIE'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 USC §362 (Doc. 125)
[8] *See* ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO RECONSIDER (Doc. 124).
[9] *See* PLAINTIFF'S SUPPLMENTAL BRIEF ON WHETHER MATERIAL ISSUES OF FACT EXIST AS TO DEFENDANTS' CONDUCT AND MENTAL STATE TO SUPPORT PLAINTIFF'S PUNITIVE DAMAGES CLAIM (DOC. 127) (Plaintiff's Supplemental Brief).
[10] *See Id.*, Ex. A (Doc. 127-1) at 2-3.

Defendants moved to strike the affidavit.[11] To the Motion to Strike, Defendants attached an affidavit from Mr. Fezatte, which "continued to deny fault in this civil proceeding" and specifically answered and denied each allegation in Ms. Ramay's affidavit.[12]

On November 14, 2018, the Court held a hearing on the Motion to Strike. At the end of the hearing, the Court denied the Motion to Strike[13] and reopened discovery for the limited purpose of deposing Ms. Ramay and Mr. Fezatte and any other potential witnesses of the events Ms. Ramay described and who Plaintiff intends to use as a witness at trial. The Court restricted any questions Plaintiff might ask of Mr. Fezatte to issues raised in Ms. Ramay's affidavit and deposition. The Court further stated that after additional discovery concluded, Defendants could renew their motion to strike Ms. Ramay's affidavit.

Five days after the November hearing, on November 19, 2018, the McKinley County District Attorney filed a criminal complaint against Mr. Fezatte. The Complaint charges Mr. Fezatte with the following two counts: (1) Great Bodily Harm by a Motor Vehicle; and (2) Accident Involving Death or Personal Injuries.[14]

Defendants' Motion followed.

**II.    ANALYSIS**

Federal courts possess the inherent power to stay proceedings for prudential reasons. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Pet Milk Co. v.*

---

[11] *See* SETH FEZATTE AND WERNER ENTERPRISES, INC.'S MOTION TO STRIKE KIMBERLY RAMAY'S AFFIDAVIT (Doc. 129) (Motion to Strike).
[12] *See* DECLARATION OF SETH FEZATTE (Doc. 129-1) at 1-2.
[13] *See* ORDER DENYING MOTION TO STRIKE (Doc. 144).
[14] *See* Motion, Ex. C, CRIMINAL COMPLAINT (Doc 139-3).

*Ritter*, 323 F.2d 586, 588 (10th Cir. 1983). Because district courts conduct a balancing test between the parties' interests when determining whether to grant a stay, the Supreme Court has observed that there are no set rules to apply because "[s]uch a formula . . . is too mechanical and narrow." *Id.* at 255. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "When applying for a stay, a party must demonstrate 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." *Ben Ezra, Weinstein and Company, Inc. v. America Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (quoting *Span-Eng. Assocs. v. Weidner*, 771 F.2d 464, 468 (10th Cir. 1984) (other citations omitted).

Defendants seek a stay of the civil trial, arguing that if the civil case continues concurrent with the criminal case, it will burden Mr. Fezatte's Fifth Amendment rights in the criminal proceeding and, thereby, irreparably harm him. Plaintiff is not opposed to a stay of the trial, agreeing with Defendants that defending a civil case while simultaneously defending criminal charges could impair Mr. Fezatte's constitutional rights. In the absence of any disagreement between the parties, the Court will grant a stay of the civil trial proceedings.

Defendants also pursue a stay of the limited discovery and pretrial proceedings ordered by the Court at the hearing on November 14, 2018. Plaintiff opposes any stay of the limited discovery or pretrial proceedings arguing that the civil proceedings have already been significantly delayed and further delay would harm Plaintiff. Defendants argue that additional discovery in the civil proceeding while the state pursues the criminal case against him will harm Defendants' Fifth Amendment rights.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "The Fifth Amendment allows an individual

to not 'answer official questions put to him in any proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *S.E.C. v. Smart*, 678 F.3d 850, 854 (10th Cir. 2012) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). The right against self-incrimination is applied to the states through the Fourteenth Amendment. *See Malloy v. Hogan*, 378 U.S. 1, 6 (1964).

Only an individual may assert a Fifth Amendment right. "[F]or purposes of the Fifth Amendment, corporations and other collective entities are treated differently from individuals." *Braswell v. United States*, 487 U.S. 99, 104-105 (1988). Collective entities do not have a Fifth Amendment privilege. *High Desert Relief, Inc. v. United States*, 917 F.3d 1170, 1188-89 (10th Cir. 2019). Werner is not an individual but an entity. As an entity, Werner cannot assert a privilege in these civil proceedings, nor may it assert Mr. Fezatte's privilege. *See, e.g., United States v. Kordel*, 397 U.S. 1, 8 (1970) (observing that a corporation may not "assert on its own behalf the personal privilege of its individual agents").

Mr. Fezatte is an individual who has been charged with two felony counts in a state criminal proceeding. The two felony counts arise out of the same factual events contested in the civil case. Mr. Fezatte has a clear Fifth Amendment privilege. What remains at issue is whether Mr. Fezatte's Fifth Amendment privilege precludes additional civil discovery while the state pursues a state criminal case based on the same facts.

A party does not have constitutional protection from parallel criminal and civil proceedings. *Kordel*, 397 U.S. at 11. When a party is faced with ongoing parallel proceedings, a stay is not warranted "absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). In weighing the prejudice to a party's right, "the court must consider the extent to which a party's Fifth Amendment rights are implicated." *Id*.

A motion for a stay based on parallel civil and criminal proceedings requires a court to engage in a fact-specific inquiry. For this purpose, many Circuit Courts have developed multi-factor tests. *See e.g., Louis Vuitton Malletier S.A. v. LY USA, Inc et al.*, 676 F.3d 83, 99 (2d Cir. 2012) (observing that the courts in the Second Circuit apply a six factor test when weighing a stay of civil proceedings when criminal proceedings are contemplated or have been initiated); *Microfinancial, Inc. v. Premier Holidays Intern. Incl*, 385 F.3d 72, 78 (1st Cir. 2004) (applying a five-factor test but also considering "the status of the case" and "the good faith or the litigants"); *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) (establishing a five-factor test). These tests vary in the number of factors but are substantively similar. *Id.* While the Tenth Circuit has not delineated the precise factors a court should consider when weighing a stay based on parallel proceedings, district courts in the Tenth Circuit have consistently used a six-factor test like the tests employed in other circuits. *See, e.g., Chand v. Corizon Medical*, 2018 WL 3935038 (D.N.M. August 16, 2018) at *2. These factors are: (1) the extent to which the issues overlap between the criminal and civil case; (2) the status of the case; (3) the interests of the plaintiffs in an expedient case weighed against the prejudice to the plaintiffs caused by the delay; (4) the private interest of and burden on the defendants; (5) court interests; (6) public interests. *Id*. at *2-3.

The Court will examine these factors here. However, it is important to note that these factors are only a guide for the court's inquiry in determining whether the parallel proceedings will result in "substantial prejudice" to a party's right. *Cf., Creative Consumer Concepts, Inc.*, 563 F.3d at 1080. Because Werner is an entity and cannot assert harm to its Fifth Amendment rights, the Court will weigh the factors only as they apply to Plaintiff and Mr. Fezatte.

### 1. Overlapping Issues

In the civil case, Plaintiff alleges negligence and Plaintiff seeks compensatory and punitive damages against both Defendants. It is undisputed that while driving, Mr. Fezatte hit the Plaintiff with a semi-tractor-trailer. To establish culpability for civil negligence, a plaintiff need only show at a minimum careless conduct. *See State v. Yarborough*, 122 N.M. 596, 598-607 (N.M. 1996) (discussing the difference between criminal negligence and civil negligence). However, to establish a right to punitive damages in New Mexico, a plaintiff must show that the defendant had "some culpable mental state, and the wrongdoer's conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level." *See Clay v. Ferrellgas, Inc*., 118 N.M. 266, 269 (1994) (internal citations omitted).

Based on the same incident, the criminal complaint charges Mr. Fezatte with great bodily harm by motor vehicle resulting in death or injuries. Culpability in the state criminal case for great bodily harm by motor vehicle must be based at a minimum on reckless driving. *State v. Serna*, 2017 WL 3484745 at *3 (N.M. Ct. App. July 26, 2017). Because both the civil and criminal case arise out of the same facts and occurrence, and because both cases must establish a similar factual pattern and intent, the cases overlap significantly.

Mr. Fezatte argues that the circumstances leading to the criminal charges underline the import of the overlapping issues. He points out, correctly, that prior to the civil case, law enforcement had dismissed any further investigation into Mr. Fezatte's potential criminal liability for the injury done to Plaintiff and that it was only after Plaintiff produced Ms. Ramay's affidavit that law enforcement reopened their investigation. Although Mr. Fezatte implies that Plaintiff is somehow responsible for the ensuing criminal case, he has provided the Court with no evidentiary support of his theory. Plaintiff denies any active part in acquiring Ms. Ramay's

affidavit or in the state's decision to pursue a criminal investigation of the circumstances of this case. The record supports Plaintiff.

In Ms. Ramay's affidavit, she attests that she approached Plaintiff with the information; Plaintiff did not seek her out. Nonetheless, the considerable overlap between the cases and the fact that Ms. Ramay's affidavit prompted a reopening of discovery in the civil case and the subsequent reopening of an investigation which led to the criminal case against Mr. Fezatte means that this factor weighs in favor of Mr. Fezatte.

### 2. The Status of the Case

Mr. Fezatte argues that there is a strong case for a stay because the state has indicted him, so a criminal proceeding is not speculative but certain. He argues that after indictment, there is a greater likelihood that he, as a criminal defendant, will make incriminating statements. However, in this case, Mr. Fezatte has already made many statements about the factual circumstances of this case including statements to the police during their initial investigation and sworn statements in depositions conducted during civil discovery. Only limited discovery remains, and the Court has restricted that discovery to the circumstances surrounding the statements Mr. Fezatte allegedly made to Ms. Ramay.

Mr. Fezatte also argues that because the criminal proceedings are subject to an individual's speedy trial rights, the criminal proceedings will resolve quickly, resulting in little harm to the Plaintiff. However, Defendant does not address the significant delay that has already occurred in this case. The progression of the civil case has been slow. Defendants' motion for summary judgment on the punitive damage claim has required supplemental briefing. Mr. Fezatte's bankruptcy also led to a stay of these proceedings.

Here, another delay in the civil proceedings could harm the Plaintiff. The additional discovery focuses on the recollections of Ms. Ramay regarding statements Mr. Fezatte allegedly made to her or in front of her. Ms. Ramay has attested that other coworkers may have heard similar statements. The other coworkers have not come forward, and as time passes, their identities and/or testimony may not be discoverable. Time may also fade witnesses' memories making them less reliable, which opposing parties may use to their advantage.

In addition to the limited discovery surrounding Ms. Ramay's statements, the Court has ordered the parties to rebrief the punitive damage issues and indicated its intent to hold a Daubert hearing on Plaintiff's expert witness. Mr. Fezatte has not specified how these additional proceedings will burden his criminal case, so the Court will conclude that he has no objection to them.

This factor weighs in Plaintiff's favor.

### 3. The Interest of the Plaintiff in an Expedient Case Weighed Against Prejudice to Defendant

Plaintiffs have a substantial interest in the expedient resolution of their cases. See Fed. R. Civ. P. 1. (stating that the Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Plaintiff's claim arose on November 22, 2013. Plaintiff filed this case in 2016. More than two years after the case was filed and almost six years after the incident that gave rise to the case, the Court is not close to a trial date.

Mr. Fezatte argues that this stay will not harm Plaintiff because Plaintiff's counsel met with law enforcement to discuss the Ramay affidavit, which gave Plaintiff notice of the pending

criminal charges.[15] Mr. Fezatte does not explain how notice of an impending criminal case vitiates any harm to Plaintiff and the Court does not agree that it does.

This factor weighs in favor of the Plaintiff.

    **4.       The Burden on the Defendants**

The crux of Mr. Fezatte's argument is that ongoing civil proceedings will undermine his Fifth Amendment right not to incriminate himself in his state criminal trial. Yet, Mr. Fezatte has not met his burden in showing how this constitutional right will be harmed. Most of civil discovery has concluded, and during that discovery, Mr. Fezatte gave deposition testimony regarding the factual events. At no time in the discovery that has already occurred did Mr. Fezatte invoke a Fifth Amendment privilege. Rather, Mr. Fezatte answered and vigorously denied Plaintiff's allegations. Moreover, Mr. Fezatte's sworn testimony as to the facts underlying both the civil and the criminal case functions as a waiver of a Fifth Amendment privilege as to those questions. The law is clearly established that a defendant who testifies about a matter in a civil proceeding cannot later claim harm from the denial of a stay of that proceeding when a criminal case arises from the same matter. *See, Creative Consumer Concepts, Inc.*, 563 F.3d at 1081 (observing that a district court's denial of a stay in Defendant's civil proceedings did not burden her Fifth Amendment right in criminal proceedings because she had waived her privilege on questions she answered in her deposition). "[I]t is true, as a general rule, that where there can be no further incrimination, there is no basis for the assertion of the privilege. *Reina v. United States,* 364 U.S. 507 (1960); *see also Microfinancial, Inc.*, 385 F.3d at 78-79 (observing "[a] party who chooses to testify in a civil case in spite of the risk that a prosecutor later might

---

[15] Defendants also assert that because no trial date has been set, Plaintiff cannot claim prejudice. However, because both parties agree that a stay of the trial is warranted, the only remaining issue is whether a stay on the ordered limited discovery and the remaining pretrial proceedings is warranted.

11

seek to use his statements against him in a criminal prosecution involving the same subject matter is hard put to complain about the subsequent denial of a stay") (citation omitted).

While the Court has reopened discovery for the limited purpose of examining the events detailed in Ms. Ramay's affidavit, that discovery is restricted to scrutiny of what Mr. Fezatte did or did not say to Ms. Ramay. Significantly, in an affidavit, Mr. Fezatte has already denied making those alleged statements to Ms. Ramay, and thereby, has also waived any privilege he may have concerning those events. A witness may not testify voluntarily about something and then invoke the privilege against self-incrimination when questioned about details. *See Rogers v. United States*, 340 U.S. 367, 373 (1951).

Mr. Fezatte further asserts that his Fifth Amendment right will be compromised by the civil case because a refusal to answer a question in the civil case may result in an adverse inference against him, while any answer he gives could then be used against him in the criminal case. The law clearly establishes that an individual's refusal to testify in a civil case based on a Fifth Amendment privilege may result in an adverse interest in that civil case. *See Baxter v. Palmigiano*, (observing "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them"). But because Mr. Fezatte has already provided testimony concerning all controverted events, it is unclear how the threat of an adverse inference will have any impact on the civil case or on his Fifth Amendment right.

Finally, Mr. Fezatte argues that permitting limited discovery will reveal his criminal defense trial strategy and thus, affect his ability to effectively defend his case. However, Mr. Fezatte offers no support for this argument, and the Court can find no merit in it. The remaining depositions must restrict all questions to the circumstances surrounding Ms. Ramay's statements,

and Mr. Fezatte's response to those statements. The state is aware of Ms. Ramay's statements and has already spoken with her. In an affidavit, Mr. Fezatte responded to Ms. Ramay's assertions with a denial. While Mr. Fezatte's statements after the incident are relevant to the criminal proceedings, ultimately, the factual issue will focus on each person's credibility.

The only other proceedings remaining prior to trial is mediation between the parties, a Daubert hearing of the Plaintiff's expert, and additional briefing on the punitive damages issue. Defendants have not clarified how these additional limited proceedings will reveal their trial strategy.

This factor weighs in Plaintiff's favor.

### 5. Court Interests

The Court's interests favor denying a stay. Significantly, all federal district courts have a mandate to move cases forward as expeditiously as possible. *See* 28 U.S.C. § 473(a)(2)(B). As noted above, this case has been pending and has already been stayed for a significant period.

This factor weighs in Plaintiff's favor.

### 6. Public Interests

The facts of this case do not implicate the interests of persons not parties to this action or the public. This factor weighs neither in favor of nor against granting the stay.

On balance, the factors weigh in favor of denying Defendants' request for a stay of the remaining limited discovery and pretrial proceedings in this case. Because discovery is confined to Mr. Fezatte's statements to Ms. Ramay, and Mr. Fezatte has already given sworn testimony about those statements, he has not met his burden in establishing that he will be substantially prejudiced by that limited discovery or the specified pretrial proceedings.

13

**IT IS THEREFORE ORDERED THAT:**

1. The civil trial is stayed until resolution of the criminal case against Defendant Seth Fezatte;

2. The parties may depose Ms. Ramay and any potential witnesses of the events Ms. Ramay described and who Plaintiffs intend to use as a witness at trial;

3. Plaintiffs may depose Mr. Fezatte on issues specific to or about the statements allegedly made to Ms. Ramay;

4. After the additional depositions have been taken, the parties should rebrief the punitive damage issues as ordered by the Court at the November 14, 2018 hearing.

_____
SENIOR UNITED STATES DISTRICT JUDGE