UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DERRICK YAZZIE**,
    Plaintiff,

vs.                                                                                                          No. 1:16-cv-00472-KWR-KRS

**SETH FEZATTE &**
**WERNER ENTERPRISES, INC.**,
    Defendants.

## MEMORANDUM OPINION AND ORDER

On September 11, 2017, Defendants Seth Fezatte & Werner Enterprises, Inc filed a motion seeking to exclude all proffered opinions of Plaintiff Derrick Yazzie's proposed expert, Shawn Wayne Miller (Doc. 68). Subsequently, the Court granted Defendants' motion, in part, by excluding most of the opinions. The Court reserved ruling on the admissibility of Mr. Miller's opinions about Defendant Fezatte's training and adherence to Federal Motor Carrier Safety Regulations. (Doc. 105 at 11).

On July 22, 2021, the Court held a Daubert hearing by Zoom on Defendants' objections to Mr. Miller's remaining proffered testimony. At the hearing, Plaintiff's counsel announced that Plaintiff no longer intended to offer Mr. Miller's opinion regarding Defendant Fezatte's driver training, but still wanted to use Mr. Miller's opinion regarding the appropriateness of Defendant Fezatte's actions for the weather conditions at the time of the accident under Federal Motor Carrier Safety Regulation, Hazardous Conditions; extreme caution, 49 C.F.R. § 392.14 ("Regulation § 392.14"). Defendants objected to the admissibility of Mr. Miller's opinion on Regulation § 392.14, arguing that his opinion was unreliable. After reviewing all briefings and the parties' arguments at the hearing, the Court will grant Defendants' Motion.

1

## PROCEDURAL HISTORY AND BACKGROUND

On November 22, 2013, while driving a semi-tractor trailer vehicle, Defendant Fezatte, who was employed as a driver by Defendant Werner, struck Plaintiff as he walked on the interstate.

Plaintiff alleged the following claims: (1) negligence against Defendant Fezatte directly and against Defendant Werner under a theory of respondeat superior; (2) negligence per se against both Defendants; and (3) negligence in training, hiring, supervision, retention, and entrustment against Defendant Werner. (Doc. 7). Plaintiff asked for punitive damages against both parties. *Id.* Both Defendants filed motions for partial summary judgment on Plaintiff's punitive damage request. (Doc. 154, 157). On October 8, 2020, the Court entered a Memorandum Opinion and Order, which granted Defendant Werner's motion and denied Defendant Fezatte's motion. (Doc. 162).

On September 11, 2017, Defendants filed a motion to exclude opinions of Plaintiff's proposed expert, Mr. Miller (Doc. 68). Plaintiff sought to introduce Mr. Miller's "expert" opinion on (1) Defendant Fezatte's level of fatigue; (2) Defendant Fezatte's distracted driving; (3) a "spike" in overall crashes for Defendant Werner Enterprises' power units; (4) Defendant Werner's pre and post incident drug and alcohol testing of Defendant Fezatte; (5) an explanation about how the accident occurred; (6) Defendants' legal duty to Plaintiff; (7) Defendant Werner's training of Defendant Fezatte; and (8) Defendant Fezatte's compliance with federal regulations.[1] The motion was fully briefed. (Docs. 79, 84).

On February 16, 2018, the Court entered a Memorandum Opinion and Order granting Defendants' motion in part by excluding 1-6 of the proffered opinions on the basis that the opinions

---

[1] Initially, the parties' divided Mr. Miller's opinions into seven categories which combined into one the opinions expressed here at numbers 7 and 8. (Doc. 105). At the Daubert hearing, Plaintiff separated them and so the Court also will do so here.

lacked foundation, were unreliable, were speculative, were irrelevant, or were improper interpretations of the law. (Doc. 105)

The Court "reserve[d] ruling on the admissibility of Mr. Miller's opinions related to Defendant Fezatte's driver training and the appropriateness of Defendant Fezatte's action for the weather conditions at the time of the accident in relation to industry standard and the Federal Motor Carrier Safety Regulations until a Daubert Hearing is held." Doc. 105 at 11.

## ANALYSIS

Before the Court in this diversity proceeding is a dispute concerning the admissibility and relevance of proposed expert testimony. A federal court's scrutiny of expert testimony is always governed by federal law. *See Hall v. Conoco Inc*., 886 F.3d 1308, 1311 (10th Cir. 2018). Expert witnesses may testify by giving their "opinion or otherwise" under Fed. R. Evid. ("Rule") 702 if the witness "is qualified as an expert by knowledge, skill, experience, training, or education." The party proffering the expert may establish the expert's qualifications by demonstrating that

> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702 asks the Court to act as a gatekeeper. *Alfred v. Caterpillar, Inc.,* 262 F.3d 1083, 1086 (10th Cir. 2001). "This gatekeeper function requires the judge to assess the reasoning and methodology underlying the expert's opinion, and determine whether it is scientifically valid and applicable to a particular set of facts." *Goebel v. Denver & Rio Grande W. R. Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (citing *Daubert v. Merrill Dow Pharms.*, *Inc.,* 509 U.S. 579, 592 (1993)); *see also See United States v. Nacchio,* 555 F.3d 1234, 1241 (10th Cir. 2009) (*en banc*) (explaining the court's gatekeeping function).

When performing its gatekeeper function, a court must first evaluate the witness's qualifications by determining "whether the witness has the requisite 'knowledge, skill, experience, training, or education' to provide an expert opinion." *United States v. Foust*, 989 F.3d 842, 845 (10th Cir. 2021). (quoting Rule 702 and citing *Nacchio*, 555 F.3d at 1241). Second, a court must analyze the reliability of the proffered opinion "'by assessing the underlying reasoning and methodology.'" *Id.* (quoting *Nacchio*, 555 F.3d at 1241). "If either of these steps renders the expert's opinion unreliable, the testimony is inadmissible." *Foust,* 989 F.3d at 845.

Plaintiff proffers Mr. Miller as an expert on Defendant Fezatte's compliance with the requirements of Regulation § 392.14.[2] (Doc. 68-4 at 13). While Defendants do not dispute Mr. Miller's qualifications,[3] they do object to the reliability of his opinion. First, Defendants contend that Mr. Miller's opinion is unreliable because it is not based on any expert data or methodology. Next, Defendants argue that Mr. Miller's testimony will not assist the jury. The Court agrees with Defendants.

To demonstrate reliability, "the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts that satisfy Rule 702's reliability requirements." *Goebel*, 346 F.3d at 991. "Generally, the district court should focus on an expert's methodology rather than the conclusions it generates." *Id.* at 992 (citing *Daubert*, 509 U.S. at 595). The evidence supporting the expert's opinion should be "genuinely scientific" not "unscientific speculation." *Id.* (additional citations omitted).

---

[2] Regulation §392.14 states in relevant part that "[e]xtreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated."

[3] Because the parties' disagreement focuses on the reliability of Mr. Miller's opinion, and the resolution of that issue precludes his expert testimony, the Court will not address Mr. Miller's qualifications.

Mr. Miller posits that on November 22, 2013, (1) there were hazardous weather conditions; (2) Defendant Fezatte's failure to see Plaintiff indicates that visibility was limited; (3) the fact that the accident occurred demonstrates that Defendant Fezatte did not slow down; and (4) the fact that the accident occurred demonstrates that conditions were sufficiently dangerous so that Defendant Fezatte should have discontinued driving. *See* (Doc. 68-4 at 6, 13). After reviewing the text of Regulation § 392.14, Mr. Miller concludes that Defendant Fezatte failed to meet its terms.

Notably, Mr. Miller's proffered opinion is founded only on Defendant Fezatte's testimony and the plain language of the regulation. Nothing in his opinion suggests that it is backed by industry standards or scientific data. "[A]n expert's scientific testimony must be based on scientific knowledge, which 'implies a grounding in the methods and procedures of science' based on actual knowledge, not 'subjective belief or unsupported speculation.'" *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (quoting *Daubert,*, 509 U.S. at 592–93). Courts are not required to admit opinion evidence on such tenuous connections. *See Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997) ("But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered") (additional citations omitted).

Even if Mr. Miller's opinion was supported by sufficient data, the Court finds that his testimony will not be helpful to the jury. When evaluating whether expert testimony will aid the jury, some factors for a court to consider include: "(1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility." *United States v. Rodriguez-Felix*, 450 F.3d

1117, 1123 (10th Cir. 2006) (listing these nonexclusive factors). Mr. Miller's opinion fails on the latter two bases.

First, Mr. Miller's interpretation of Regulation § 392.14 is not founded on specialized expertise—the regulation does not have any technical terms, and Mr. Miller does not rely on customs and norms of the trucking industry in explaining its meaning. In interpreting the regulation, Mr. Miller appears to rely solely on his life experience to determine what constitutes hazardous driving conditions. Because the jury is equally as capable of reading the statute and categorizing weather conditions, Mr. Miller's explanation will not aid the jury.

Second, Mr. Miller's opinion regarding the weather conditions on the evening of the accident is derived from his assessment of the veracity of Defendant Fezatte's deposition testimony. Defendant Fezatte testified that conditions were "suboptimal" because it was sleeting (Doc. 68-7 at 8:17-22),[4] which made it slightly more difficult to see (Doc. 68-7 at 25:13-14). Defendant Fezatte also testified that he did not believe that the weather conditions mandated that he discontinue driving:

> Q. "Well, you – you're aware as a professional driver you have a duty not to drive in adverse weather conditions if they are sufficiently hazardous.
> A. Sufficient hazardous, yes.
> Q. did you feel they were sufficiently hazardous –
> A. I did not.
> Q. – to stop?
> A. No.

(Doc. 68-7 at 10:9-17). After reviewing Defendant Fezatte's deposition, Mr. Miller opines that "During Seth's deposition, Seth made numerous references to 'sleet' as to the reason he did not stop the vehicle, which would constitute *hazardous driving conditions*." (Doc. 68-4 at 6) (emphasis in original).

---

[4] Cited page numbers are to the time stamped numbers on the docket, and not to the pagination on the exhibits themselves.

Credibility determinations are not "an appropriate subject for expert opinion testimony." *United States v. Hill*, 749 F.3d 1250, 1260 (10th Cir. 2014). Mr. Miller's opinion that conditions were sufficiently hazardous functions as a credibility determination as it weighs Defendant Fezatte's testimony that there was sleet against his testimony that conditions were not sufficiently hazardous. "[S]uch [expert] testimony usurps a critical function of the jury, is not helpful to the jury, which can make its own determinations of credibility . . . and [can be] prejudicial and unduly influences the jury." *Id.* at 1261 (internal quotation marks omitted).

Because Mr. Miller's opinion is not reliable, the Court will exclude it.

**THEREFORE, IT IS ORDERED THAT** Shawn Wayne Miller's expert opinion as to Defendant Fezatte's adherence to the Federal Motor Carrier Safety Regulation, Hazardous Weather Conditions; extreme caution, 49 C.F.R. § 392.14 is **EXCLUDED.**

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**